IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGINALD ARLEIGH NOBLE, ) | |
| ID # 1019577, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:05-CV-0234-D (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for aggravated sexual assault in Cause No. F00-50025-UK. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On December 6, 2000, a jury found petitioner guilty of aggravated sexual assault of a child, and he was sentenced to life imprisonment. On February 14, 2002, the court of appeals affirmed his conviction. *See Noble v. State*, No. 08-01-00035-CR, 2002 WL 221886, at *1 (Tex. App. – El Paso, Feb. 14, 2002, pet. ref'd). On July 29, 2002, petitioner filed a state application for writ of habeas corpus in which he alleged *inter alia* that he was denied the right to file a petition for discretionary review (PDR). On April 30, 2003, the Court of Criminal Appeals granted petitioner the right to file

an out-of-time PDR. On September 3, 2003, the Court of Criminal Appeals refused the PDR. On June 28, 2004, petitioner filed a second state application for writ of habeas corpus. The Court of Criminal Appeals denied that application on December 6, 2004.

Petitioner commenced this action when he signed his federal petition and placed it in the prison mail system on January 25, 2005. (Pet. Writ of Habeas Corpus (Pet.) at 9.) In six grounds for relief, he raises the following four claims: (1) the trial court abused its discretion relating to a statutory outcry notice requirement; (2) he was denied the right to confront and cross-examine the proper outcry witness; (3) prosecutorial misconduct related to perjured testimony; and (4) his trial attorney rendered ineffective assistance by failing to adequately investigate his case, failing to file motions for discovery and to suppress, and failing to object to enhancement allegations.

On June 24, 2005, respondent filed an answer in which he argues *inter alia* that petitioner filed the instant action outside the applicable period of limitations. Although the Order to Show Cause entered in this case granted petitioner thirty days to file a reply brief to respondent's answer, petitioner has filed no reply brief.

## II. STATUTE OF LIMITATIONS

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. 104-132, 110 Stat. 1217. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date, which is the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant federal petition after its effective date, the Act applies to his petition.

2

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's judgment of conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (A), the date petitioner's judgment of conviction became final, petitioner appealed the revocation of his probation but filed no timely PDR. The state "judgment" of conviction became final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* thirty days after the appellate court affirmed petitioner's conviction on February 14, 2002. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty

day period to file a PDR). Furthermore, "when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief . . . does not require a federal court to restart the running of AEDPA's limitations period altogether." *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004). If the thirtieth day "is a Saturday, Sunday, or legal holiday, the period extends to the first day that is not a Saturday, Sunday, or legal holiday." Tex. R. App. P. 4.1(a). Because the thirtieth day in this case falls on a Saturday, petitioner's state judgment of conviction became final on Monday, March 18, 2002.

With regard to subparagraph (D), the Court determines that the facts supporting petitioner's claims became known or could have become known through the exercise of due diligence prior to the date petitioner's judgment of conviction became final on March 18, 2002. At trial and sentencing, petitioner would have known the factual basis for each of his claims.

Because petitioner filed his federal petition more than one year after his judgment of conviction became final on March 18, 2002, a literal application of § 2244(d)(1) renders his January 25, 2005 filing untimely.

## II.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas applications were pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D.

Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). In addition, an out-of-time PDR granted to a Texas inmate acts as a post-conviction habeas application to statutorily toll the limitations period until resolution of the PDR. *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004).

Petitioner filed his first state petition on July 29, 2002, more than four months after his conviction became final on March 18, 2002. Thus, AEDPA's limitation period is statutorily tolled from July 29, 2002, through the date the Court of Criminal Appeals refused petitioner's out-of-time PDR on September 3, 2003. The AEDPA clock began to run again on September 4, 2003, and the statutory one-year period of limitations elapsed almost eight months later, in late April 2004. Thus, although petitioner filed a second on June 28, 2004, that petition does not further statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). By the time petitioner filed the instant federal petition on January 25, 2005, the statutory period of limitations had long since elapsed. Further, nothing in the petition or supporting memorandum indicate that rare and exceptional circumstances warrant equitable tolling. *See id.* (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Accordingly, petitioner's January 25, 2005 filing falls outside the statutory period and should be deemed untimely.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by the statute of limitations and **DENY** it with prejudice.

5

SIGNED this 11th day of July, 2007.

                                                                     _____
                                                                     IRMA CARRILLO RAMIREZ
                                                                     UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                     _____
                                                                     IRMA CARRILLO RAMIREZ
                                                                     UNITED STATES MAGISTRATE JUDGE